# FRANK A. MULLEN v. JOHN H. DEVENNEY.[1]

## April 27, 1917.

### Nos. 20,174—(41).[2]

**Alienation of affection — striking out allegation.**

In an action for alienation of the affections of the wife and for the damages resulting, an allegation in defendant's answer, setting forth a statement of the trial court contained in the decree of divorce, as to defendant's treatment of his wife prior to the commencement of the action for divorce, *held* properly stricken from the answer.

Action in the district court for Stevens county to recover $100,000 for alienation of affections of plaintiff's wife. Plaintiff's motion to strike from the answer that part of it which quoted the finding of the district court for Ramsey county in an action of divorce between plaintiff and plaintiff's wife was granted, Flaherty, J. From the order granting plaintiff's motion, defendant appealed. Affirmed.

*O'Brien, Young & Stone,* for appellant.

*Purcell & Divet* and *John Kain,* for respondent.

QUINN, J.

Action for alienation of the affections of plaintiff's wife. From an order of the district court of Stevens county striking out a portion of his answer, defendant appeals.

Prior to the bringing of this action, the plaintiff's wife brought suit against him in Ramsey county for an absolute divorce upon the ground of cruel and inhuman treatment, and in January, 1916, the case was tried

[1] Reported in 162 N. W. 448.

[2] April, 1917, term calendar.

and the plaintiff therein granted a divorce upon the grounds stated. Thereafter plaintiff brought this action, and, after setting forth in his complaint the particular methods employed by the defendant for several years in his efforts to gain the affections of plaintiff's wife, he alleges, in paragraph 6, the ultimate facts of the alienation of his wife's affections by the defendant, which, standing alone, would constitute an actionable wrong, and, if supported by competent proof, would entitle him to recover. And later in his complaint the plaintiff alleges, that shortly before the commencement of the divorce action in June, 1915, a reconciliation was brought about between his wife and himself, that she had been forgiven for her errors, and that they were about to commence living together again as husband and wife, when the defendant interfered, for the express purpose of preventing such reconciliation, and that he induced the plaintiff's wife to bring an action and procure a divorce from him.

If, in fact, the defendant unlawfully induced the plaintiff's wife to procure a divorce, he thereby committed a greater wrong and inflicted a greater injury to plaintiff than if he had merely alienated her affections, and, in that event, the plaintiff might plead, and upon the trial prove the fact to enhance his damages, and such appears to be the complaint in this action. By the same logic the defendant may plead the plaintiff's cruel treatment of his wife, and that the divorce was obtained upon that ground without procurement or advice on his part, such facts bearing directly upon that element of damages; and, upon the trial, with the issue so framed, the defendant would have a right, if necessary, to meet the proofs of the plaintiff, to show upon what grounds the divorce was granted, but mere statements induced by the evidence in the divorce proceeding and included in the findings of the trial court would not be competent testimony for such purpose. That part of the answer stricken out by the order of the court following the words "granted a divorce to Mrs. Mullen, as prayed for," appearing in paragraph 6 of the answer, was as follows: "And on the grounds alleged in her complaint, the said district court finding formally in its decision (the word 'plaintiff,' wherever used in the following quotation therefrom referring to Mrs. Mullen, and the word 'defendant,' to Mr. Mullen, the plaintiff herein), that:

"Plaintiff left the home of herself and the defendant, at Morris, Min-

nesota, on or about June 12, 1915. For many years before that date, the defendant had been guilty of constant and habitual cruel and inhuman treatment of the plaintiff, consisting of persistent neglect, contemptuous indifference, carping criticism, oftentimes going to the extent of abusing the plaintiff, and applying opprobrious epithets to her in the presence of her children and other persons. This treatment of the plaintiff by the defendant was of such a nature, and so long persisted in, as to be very detrimental, if not ruinous, to the plaintiff's health, and fully entitles her to an absolute divorce from the defendant."

Had these statements been allowed to stand as a part of the answer, we are unable to understand how the defendant would be entitled to offer any proof different from what he may offer as the pleadings now stand. The statements stricken from the answer could have no bearing in the case, and the natural effect thereof would be to confuse the jury.

Order affirmed.